IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.:

PNC MANUFACTURING LEATHER, INC.,

      Plaintiff,

v.

HARTFORD FIRE INSURANCE
COMPANY,

      Defendant.

_____/

## PETITION FOR REMOVAL

TO:   The Honorable Judges of the United States District Court
       for the Middle District of Florida

     Defendant, HARTFORD FIRE INSURANCE COMPANY (Hartford), hereby files this Petition for Removal of the above-styled action from the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, to this Court. Removal is proper on the following grounds:

     1. Plaintiff, PNC MANUFACTURING LEATHER, INC., commenced a civil action in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, styled *PNC Manufacturing Leather, Inc. v. HARTFORD FIRE INSURANCE COMPANY,* Case No.: 2019-CA-001972-CI. (*See* Pl. Compl., attached hereto as **Exhibit A**.)

     2. The Summons and Complaint in this case were served on this Defendant's registered agent on July 2, 2019. (*See* Not. Service of Process, attached hereto as **Exhibit B**.)

3.  On December 9, 2019, Plaintiff filed its Second Amended Complaint. (See Pl. Compl., attached hereto as **Exhibit C**.)

4.  The Plaintiff's Second Amended Complaint alleges "On or about September 9, 208, while the policy was in full force an effect, the Property sustained a covered loss as a result of wind and water damage due to a storm." (See Pl. Second Amended Compl. ¶ 9.)

5.  The Second Amended Complaint does not specifically allege an amount in controversy, and instead simply alleges, "this is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest, costs, and attorneys' fees." (*See* Pl. Second Amended Compl. ¶1).  However, after filing the subject lawsuit, Plaintiff filed amended answers to Defendant's propounded interrogatories stating "I am claiming $69,488.91 in damages as per the loss consultant's estimate….I am claiming $51,339.53 in loss of income." According to Plaintiff's answer to Interrogaotry Number 9, Plaintiff is seeking $120,828.44 in damages. (*See* Plaintiff's Interrogatory Answers attached hereto as **Exhibit D**.)  Thus, it is clear Plaintiff is seeking damages in excess of the $75,000.00 amount in controversy required for diversity jurisdiction.

6.  Upon information and belief, Plaintiff was and is a Florida corporation with its principal place of business in Kissimmee, Florida, conducting business in Kissimmee, Florida. Accordingly, Plaintiff is a citizen of Florida.

7.  Plaintiff was and is a Florida corporation for which its president, Elvio Cruz, is a citizen of the State of Florida and domiciled in Kissimmee, Florida.

8.  Hartford us not aware of any other members, managers, and/or officers of the Plaintiff.

9.  At the time of the filing of the Complaint and Notice of Removal, and at all times material hereto, Hartford was and is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Accordingly, Defendant is a foreign corporation.

10. Removal of this action is proper under 28 U.S.C. § 1332, which allows for District Court jurisdiction over, "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a different States.  28 U.S.C. § 1332, 1441 and 1446, *et seq*.

11. Venue is proper in this Court under 28 U.S.C. § 1332.

12. Given the aforementioned, Defendant asserts the amount in controversy in this matter exceeds the jurisdictional minimum, exclusive of interest and costs, pursuant to the Interrogatory answers received from Plaintiff.  *See Logsdon v. Duron, Inc.,* Case No.: 3:05cv243J-16HTS, 2005 WL 1163095, at *2 (M.D. Fla. May 17, 2005) (holding that a removing defendant need only show that the amount in controversy will "more likely than not" be satisfied when a plaintiff does not claim a specific amount of damages).

13. Hartford has filed its Petition for Removal within 30 days of receiving Plaintiff's Interrogatory answers asserting its damages total $120,828.44. Thus, Hartford has timely filed the instant Petition for Removal.

14. Following the filing of this Petition with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff, as required by law.

15. Following the filing of this Petition with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the Ninth Judicial Circuit in and for Osceola County, Florida, as required by law.

16. Pursuant to 28 U.S.C. § 1446(a), Defendant simultaneously files a true and legible copy of important process, pleadings, and orders on file in the state court with this Petition for Removal.

WHEREFORE, HARTFORD FIRE INSURANCE COMPANY, respectfully requests that the above-styled action be removed to the United States District Court for the Middle District of Florida.

**Dated:** **April 27th, 2020**

<table>
<tr><td></td><td></td><td>Respectfully submitted,<br>**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**</td></tr>
<tr><td>By</td><td>:</td><td><u>/s/ Michael A. Packer</u><br>Michael A. Packer<br>Florida Bar No.: 121479</td></tr>
<tr><td>Primary</td><td>:</td><td>mapacker@mdwcg.com<br>100 NE 3rd Avenue, Suite 1100<br>Fort Lauderdale, FL 33301<br>Phone: (954) 847-4920</td></tr>
<tr><td>Secondary</td><td>:</td><td>mspenela@mdwcg.com<br>jataylor@mdwcg.com<br>pleadingsftl@mdwcg.com</td></tr>
<tr><td>Attorneys for</td><td></td><td>*HARTFORD FIRE INSURANCE COMPANY*</td></tr>
</table>

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true copy of the foregoing **Petition for Removal** was sent by electronic mail this 27th day of April, 2020, to **Alexandra Ramon, Esquire**, Ramon, Rodriguez & Blanco-Herrera, LLP, 1750 Coral Way, 2nd Floor, Miami, FL 33145, **AR@rrbhlaw.com**; **NH@rrbhlaw.com**.

<u>s/ Michael A. Packer</u>
Michael A. Packer

MAP/rg

# EXHIBIT "A"

IN THE CIRCUIT COURT FOR THE 9TH
JUDICIAL CIRCUIT IN AND FOR
OSCEOLA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

PNC MANUFACTURING LEATHER, INC.,     CASE NO.:

      Plaintiff,

vs.

HARTFORD FIRE INSURANCE
COMPANY,

      Defendant.

_____ /

## COMPLAINT

Plaintiff, PNC MANUFACTURING LEATHER, INC. (the "Insured"), by and through undersigned counsel, hereby sues Defendant, HARTFORD FIRE INSURANCE COMPANY (the "Insurance Company"), and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.     This is an action for damages that exceeds Fifteen Thousand and 00/100 Dollars ($15,000.00) exclusive of interest, costs and attorney's fees.

2.     The Insured is an individual who at all times material hereto has resided and resides in Osceola County, Florida, and is otherwise *sui juris*.

3.     At all times material hereto, the Insurance Company is a Florida corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Osceola County, Florida.

4.     Venue is proper in Osceola County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Osceola County, Florida.

1

5.  All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

**GENERAL ALLEGATIONS**

6.  At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowner's insurance policy issued by the Insurance Company with a policy number of 215BABV7974 (the "Policy").

7.  The Insured is not in possession of a copy of the policy.  However, the Insurance Company has a copy of the subject Policy in its possession; a copy of the policy will be obtained from the Defendant through the discovery process and will be filed in support of this action at that time. The Plaintiff reserves the right to supplement the Complaint by attaching a full copy of the Policy.

8.  Accordingly, under the terms of the Policy, the Insurance Company agreed to provide coverage to the Insured's property against certain losses.  The damaged property is located at 4107 South Orange Blossom Trial, Kissimmee, Florida 34746 (the "Property").

9.  On or about September 19, 2017, while the Policy was in full force and effect, the Property sustained a covered loss as a result of wind and water damage (the "Loss").

10. The Insurance Company assigned claim number Y50F93771 to the Loss.

11. Subsequently, on or about February 28, 2019, the Insurance Company informed the Insured that it was denying coverage for the Loss on the basis that it was not covered by the Policy. However, after diligent inspection of the Loss, it was evident that the Property sustained damage, which the Insurance Company agreed to provide coverage for under the terms of the Policy.

12. As of the date of the filing of this lawsuit, the Insurance Company has failed to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment would be forthcoming;

and/or (iii) make any payment of insurance proceeds to the Insured. As a result of the foregoing, the Insurance Company has breached the Policy.

13. The Insured has suffered and continues to suffer damages resulting from the Insurance Company's breach of the Policy.

14. The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statute Section 627.428.

**COUNT I**
**BREACH OF CONTRACT**

The Insured reincorporates paragraphs 1 through 13 as if fully set forth herein.

15. It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

16. The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing her obligations under the Policy.

17. The Insured's Property sustained damage which the Insurance Company agreed to provide coverage for under the terms of the Policy.

18. Furthermore, at all times material hereto, the Insured has satisfied all post-loss obligations to the best of her ability in accordance with the Policy.

19. In contrast, the Insurance Company has failed to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment would be forthcoming; and/or (iii) make any payment of insurance proceeds to the Insured. As a result of the foregoing, the Insurance Company has breached the Policy.

3

20. As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has sustained damages.

WHEREFORE, the Insured respectfully requests that this Court enter judgment against the Insurance Company for damages, plus interest, court costs and reasonable attorney's fees pursuant to Section 627.428, Florida Statutes.

## COUNT II
## DECLARATORY JUDGMENT

The Insured reincorporates paragraphs 1 through 13 as if fully set forth herein.

21. There is a bona fide, actual, present, adverse, and practical need for this Court to render a declaration as to whether the Policy issued by the Insurer to Insured provides coverage to the Insured for the Loss.

22. There is doubt between the Insured and Insurer regarding coverage of the Loss which affects the rights and/or privileges of the Parties.

23. The Insured suffered damages to the Property as a result of wind and water damage.

24. Subsequently, the Insurance Company denied the Insured's claim on the basis that it was not covered by the Policy due to the Insurance Company allegedly not finding any evidence of damage caused by the direct force of wind or any other peril insured against, which allowed rain to enter into the home.

25. However, the Insurance Company's denial letter admitted that the insured's property sustained interior wind and water damage.

26. The Insurance Company's denial has raised doubt since the policy provides coverage for water damage caused by wind and water damage.

27. Furthermore, the Insurance Company's denial has raised doubt as to what constitutes "covered peril", as the Policy does not define the same.

4

28. This declaration deals with a present controversy as to the application of the law to facts regarding the insurance coverage available to Insured for the Loss.

29. By filing this declaratory judgment action, the Insured is not requesting that the Court merely provide legal advice or answer questions propounded from curiosity.

30. Based upon the foregoing, the Insured is entitled to a declaratory judgment, holding that coverage does exist for the Loss; thus removing any doubt that exists between the Parties.

31. Pursuant to Section 86.081, Florida Statutes, the Insured is entitled to costs.

WHEREFORE, the Insured respectfully seeks the entry of a declaratory judgment against the Insurer holding that the Loss is covered under the Policy, plus costs and attorney fees for bringing this action and such other relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Insured hereby demands a trial by jury on all issues so triable.

Dated this 20th day of June, 2019.

Respectfully submitted,

RAMON, RODRIGUEZ & BLANCO-HERRERA, LLP
1750 Coral Way, 2nd Floor
Miami, Florida 33145
Telephone:          305-800-4663
Facsimile:          305-735-6461
Primary Email:      AR@RRBHlaw.com
Secondary Email:    NH@RRBHlaw.com

By:____ s/ Alexandra Ramon____
       Alexandra Ramon, Esq.
       Florida Bar No.102804

6

# EXHIBIT "B"

Filing # 91417012 E-Filed 06/20/2019 01:37:57 PM

| IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR OSCEOLA COUNTY, FLORIDA | | |
|---|---|---|
| **DIVISION**<br><br>X CIVIL<br><br>Q OTHER | **SUMMONS** | **CASE NUMBER**<br><br>*2019 CA 1972 CI* |
| **PLAINTIFF(S)**<br><br>PNC MANUFACTURING LEATHER, INC. | **DEFENDANT(S)**<br><br>HARTFORD FIRE INSURANCE COMPANY | **CLOCK IN** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the ***Complaint, Plaintiff's First Set of Interrogatories, Plaintiff's First Request for Production, and Plaintiff's Request for Admissions*** in this action on defendant:

## HARTFORD FIRE INSURANCE COMPANY

## c/o THE FLORIDA CHIEF FINANCIAL OFFICER as RA

## 200 E. GAINES STREET

## TALLAHASSEE, FLORIDA 32399-4201

Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney:

Alexandra Ramon, Esq., whose address 1750 Coral Way, 2nd Floor, Miami, Florida 33145 Telephone No.: 305/800-4663, Telefax No.: 305/735-6461, Email: AR@RRBHlaw.com, Secondary Email: CM@RRBHlaw.com, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

| CLERK OF COURTS | BY _____ DEPUTY CLERK | DATE 6/20/19 |
| --- | --- | --- |

AMERICANS WITH DISABILITIES ACT OF 1990

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ASA COORDINATOR, NO LATER THAN 7 DAYS PRIOR TO THE PROCEEDINGS AT 305/375-2006 (VOICE) OF 305/375-2007 (TDD)

COURT SEAL

# EXHIBIT "C"

IN THE CIRCUIT COURT FOR THE 9TH
JUDICIAL CIRCUIT IN AND FOR
OSCEOLA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

PNC MANUFACTURING LEATHER, INC.,          CASE NO.: 2019-CA-001972-CI

     Plaintiff,

vs.

HARTFORD FIRE INSURANCE
COMPANY,

     Defendant.

_____ /

## SECOND AMENDED COMPLAINT
### *(To Amend Scrivener's Error)*

Plaintiff, PNC MANUFACTURING LEATHER, INC. (the "Insured"), by and through

undersigned counsel, hereby sues Defendant, HARTFORD FIRE INSURANCE COMPANY (the

"Insurance Company"), and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.    This is an action for damages that exceeds Fifteen Thousand and 00/100 Dollars

($15,000.00) exclusive of interest, costs and attorney's fees.

2.    The Insured is an individual who at all times material hereto has resided and resides

in Osceola County, Florida, and is otherwise *sui juris*.

3.    At all times material hereto, the Insurance Company is a Florida corporation

qualified to do business in Florida and has, at all times material hereto, been conducting business

in Osceola County, Florida.

4.    Venue is proper in Osceola County, Florida because the contract, which forms the

subject matter of this lawsuit, was executed in Osceola County, Florida.

1

5.  All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

## **GENERAL ALLEGATIONS**

6.  At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowner's insurance policy issued by the Insurance Company with a policy number of 21SBABV7974 (the "Policy").

7.  The Insured is not in possession of a copy of the policy.  However, the Insurance Company has a copy of the subject Policy in its possession; a copy of the policy will be obtained from the Defendant through the discovery process and will be filed in support of this action at that time. The Plaintiff reserves the right to supplement the Complaint by attaching a full copy of the Policy.

8.  Accordingly, under the terms of the Policy, the Insurance Company agreed to provide coverage to the Insured's property against certain losses.  The damaged property is located at 4107 South Orange Blossom Trial, Kissimmee, Florida 34746 (the "Property").

9.  On or about September 9, 2018, while the Policy was in full force and effect, the Property sustained a covered loss as a result of wind and water damage due to a storm (the "Loss").

10. The Insurance Company assigned claim number Y50F93771 to the Loss.

11. Subsequently, on or about February 28, 2019, the Insurance Company informed the Insured that it was denying coverage for the Loss on the basis that it was not covered by the Policy. However, after diligent inspection of the Loss, it was evident that the Property sustained damage, which the Insurance Company agreed to provide coverage for under the terms of the Policy.

12. As of the date of the filing of this lawsuit, the Insurance Company has failed to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment would be forthcoming;

and/or (iii) make any payment of insurance proceeds to the Insured.  As a result of the foregoing, the Insurance Company has breached the Policy.

13. The Insured has suffered and continues to suffer damages resulting from the Insurance Company's breach of the Policy.

14. The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statute Section 627.428.

## COUNT I
## BREACH OF CONTRACT

The Insured reincorporates paragraphs 1 through 13 as if fully set forth herein.

15. It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

16. The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing her obligations under the Policy.

17. The Insured's Property sustained damage which the Insurance Company agreed to provide coverage for under the terms of the Policy.

18. Furthermore, at all times material hereto, the Insured has satisfied all post-loss obligations to the best of her ability in accordance with the Policy.

19. In contrast, the Insurance Company has failed to: (i) acknowledge coverage for the Loss; and/or (ii) acknowledge that payment would be forthcoming; and/or (iii) make any payment of insurance proceeds to the Insured.  As a result of the foregoing, the Insurance Company has breached the Policy.

3

20. As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has sustained damages.

WHEREFORE, the Insured respectfully requests that this Court enter judgment against the Insurance Company for damages, plus interest, court costs and reasonable attorney's fees pursuant to Section 627.428, Florida Statutes.

## COUNT II
## DECLARATORY JUDGMENT

The Insured reincorporates paragraphs 1 through 13 as if fully set forth herein.

21. There is a bona fide, actual, present, adverse, and practical need for this Court to render a declaration as to whether the Policy issued by the Insurer to Insured provides coverage to the Insured for the Loss.

22. There is doubt between the Insured and Insurer regarding coverage of the Loss which affects the rights and/or privileges of the Parties.

23. The Insured suffered damages to the Property as a result of wind and water damage.

24. Subsequently, the Insurance Company denied the Insured's claim on the basis that it was not covered by the Policy due to the Insurance Company allegedly not finding any evidence of damage caused by the direct force of wind or any other peril insured against, which allowed rain to enter into the home.

25. However, the Insurance Company's denial letter admitted that the insured's property sustained interior wind and water damage.

26. The Insurance Company's denial has raised doubt since the policy provides coverage for water damage caused by wind and water damage.

27. Furthermore, the Insurance Company's denial has raised doubt as to what constitutes "covered peril", as the Policy does not define the same.

4

28. This declaration deals with a present controversy as to the application of the law to facts regarding the insurance coverage available to Insured for the Loss.

29. By filing this declaratory judgment action, the Insured is not requesting that the Court merely provide legal advice or answer questions propounded from curiosity.

30. Based upon the foregoing, the Insured is entitled to a declaratory judgment, holding that coverage does exist for the Loss; thus removing any doubt that exists between the Parties.

31. Pursuant to Section 86.081, Florida Statutes, the Insured is entitled to costs.

WHEREFORE, the Insured respectfully seeks the entry of a declaratory judgment against the Insurer holding that the Loss is covered under the Policy, plus costs and attorney fees for bringing this action and such other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Insured hereby demands a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to **Carolin A. Pacheco, Esq.** at **Marshall, Dennehey, Warner, Coleman & Goggin** via electronic mail to capacheco@mdwcg.com and mapacker@mdwcg.com on this 9th day of December, 2019.

Respectfully submitted,

RAMON, RODRIGUEZ & BLANCO-HERRERA, LLP
1750 Coral Way, 2nd Floor
Miami, Florida 33145
Telephone:           305-800-4663
Facsimile:           305-735-6461
Primary Email:     AR@RRBHlaw.com
Secondary Email:  NH@RRBHlaw.com

By:_____s/ Alexandra Ramon_____
        Alexandra Ramon, Esq.
        Florida Bar No.102804

6

# EXHIBIT "D"

IN THE CIRCUIT COURT FOR THE 9TH
JUDICIAL CIRCUIT, IN AND FOR
OSCEOLA COUNTY, FLORIDA

PNC MANUFACTURING LEATHER, INC.,        CASE NO.: 2019-CA-001972-CI

      Plaintiff,

v.

HARTFORD FIRE INSURANCE
COMPANY,

      Defendant.

_____ /

## PLAINTIFF'S NOTICE OF FILING UNVERIFIED RESPONSES
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

      Plaintiff, PNC MANUFACTURING LEATHER, INC. (referred to hereafter as the "Insured"), hereby gives notice of the service of their unverified answers and objections to Defendant's, HARTFORD FIRE INSURANCE COMPANY (the "Insurance Company"), First Set of Interrogatories.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served to **Andrew B. Jaffe, Esq. at Marshall, Dennehey, Warner, Coleman & Goggin** via electronic mail to abjaffe@mdwcg.com and mapacker@mdwcg.com on this 9 day of April, 2020.

Respectfully submitted,

RAMON, RODRIGUEZ, BLANCO-HERRERA, LLP
1750 Coral Way, 2nd Floor
Miami, Florida 33145
Telephone:         305-800-4663
Facsimile:          305-735-6461
Primary Email:      AR@rrbhlaw.com
Secondary Email:   NH@rrbhlaw.com
By: _____/s/_____
      Alexandra Ramon, Esq.
      Florida Bar No. 102804

1

IN THE CIRCUIT COURT FOR THE 9TH
JUDICIAL CIRCUIT, IN AND FOR
OSCEOLA COUNTY, FLORIDA

PNC MANUFACTURING LEATHER, INC.,    CASE NO.: 2019-CA-001972-CI

      Plaintiff,

v.

HARTFORD FIRE INSURANCE
COMPANY,

      Defendant.

_____ /

## PLAINTIFF'S NOTICE OF FILING UNVERIFIED RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

    Plaintiff, PNC MANUFACTURING LEATHER, INC. (referred to hereafter as the "Insured"), hereby gives notice of the service of their unverified answers and objections to Defendant's, HARTFORD FIRE INSURANCE COMPANY (the "Insurance Company"), First Set of Interrogatories.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served to **Andrew B. Jaffe, Esq. at Marshall, Dennehey, Warner, Coleman & Goggin** via electronic mail to abjaffe@mdwcg.com and mapacker@mdwcg.com on this 9 day of April, 2020.

           Respectfully submitted,

           RAMON, RODRIGUEZ, BLANCO-HERRERA, LLP
           1750 Coral Way, 2nd Floor
           Miami, Florida 33145
           Telephone:      305-800-4663
           Facsimile:      305-735-6461
           Primary Email:    AR@rrbhlaw.com
           Secondary Email:  NH@rrbhlaw.com
           By: _____/s/_____
               Alexandra Ramon, Esq.
               Florida Bar No. 102804

1

## __GENERAL OBJECTIONS__

The following objections apply to each of Defendant's requests and are expressly incorporated into each of Plaintiff' responses:

A.     Plaintiff object to each of the requests to the extent they purport to seek information outside the knowledge of the Insured.

B.     Plaintiff object to each of the requests to the extent they imply the existence of facts or circumstances that do not or did not exist.

C.     Plaintiff object to each of the requests to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

D.     Plaintiff object to each of the requests to the extent they purport to seek information protected by any applicable privilege, including but not limited to the attorney/client, attorney work product, and accountant/client privileges.

E.     These responses are made without waiver of, and with preservation of:

All questions as to competency, relevancy, materiality, privilege and admissibility of these responses, the documents produced hereunder and the subject matter thereof, as evidence for any purpose in any further proceeding in this action (including the trial of this action) and in any other action; the right to object to the use of any grounds in any further proceeding of this action (including the trial of this action) and in any other action; the right to object on any grounds at any time to a demand or request for further discovery proceedings involving or relating to the subject matter hereof ; and the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

2

## ANSWERS TO INTERROGATORIES

1.     State the name, address, and telephone number of all persons who in any way assisted in answering these interrogatories.

   **Answer:**

   **Pablo Castro**
   **7864 Snowberry Circle**
   **Orlando, Florida 32819**

   **I answered these interrogatories with the assistance of counsel.**

2.     Identify all insurance companies with whom you have had any insurance policies issued in your name for the preceding ten (10) years in relation to the subject property, including but not limited to, homeowners or tenant/renters insurance, and any commercial insurance. For each insurance company, state the name, address, telephone number of the insurance company, the policy number, type of insurance coverage, effective dates of the policy, whether the policy was cancelled or the insurance company refused to renew said policy and, if so, state the reason as you understood it for either the non-renewal or the cancellation.

   **Answer:**

   **Since purchasing the subject property located at 4107 South Orange Blossom Trail, Kissimmee, Florida 34746 in 2013, it has only been insured by Hartford Fire Insurance Company. I do not recall the address of the Insurance Company nor the type of insurance coverage, policy number, effectives dates of policy or the exact dates of the inception of each policy.**

3

3.     Describe in detail all insurance claims made by you or in your behalf in the preceding ten years, including the amount of each claim, type of claim, and whether the claim was denied in full or in part. For each claim that was partially or fully denied, state the reason as you understood it, that the claim was denied by the insurance company.

**Answer:**

**In 2018, I filed a claim against Hartford Fire Insurance Company regarding water damage to the subject property as the result of a bathroom leak. The Insurance Company issued a payment in relation to the claim; however, I do not recall the exact date the payment was issued nor the exact amount the payment was for. I performed all necessary repairs to the bathroom with the assistance of a handyman that I hired; however, I do not recall the exact date the repairs were made, nor do I recall the name or contact information of the handyman.**

4.     Describe in detail the damage and/or property loss at the insured property for which you are asserting damages, when the damage first became evident, the cause of said damage, the date the damage occurred, any individual or entity who has or will opine as to the cause of said damage and what steps or method(s) you believe are necessary to repair or replace any claimed damage and/or property loss.

**Answer:**

**On or around September 9, 2017, I discovered water damage to the subject property. I cannot attest as to the cause of loss as I am not a causation expert; however, I believe the damages were caused as a result of Hurricane Irma. For a detailed description of the damages please refer to Maximum Recovery Consultant's ("MRC") estimate provided in Plaintiff's Response to Defendant's First Request for Production. Upon discovering the loss, I immediately notified the insurance company. In order to prevent any further damage, I hired A3MS Corp. ("A3MS") to mitigate the damages sustained as a result of this loss; however, I do not recall the exact date the mitigation services were rendered. For a detailed description of the mitigation services rendered by A3MS please refer to the mitigation package provided in Plaintiff's Response to Defendant's First Request for Production.  Shortly after the loss occurred, I performed repairs to the sheetrock in the walls of the subject property with the assistance of a handyman that I hired; however, I do not recall the exact date the repairs were made, nor do I recall the name or contact information of the handyman. The cost was approximately $1,500.00. Around December 2019, I hired an independent contract to perform a temporary roof repair to the subject property however, I do not recall his name or contact information. The total cost was approximately $6,000.00.**

4

5.     List the name and address of each individual or business entity that has been contacted by you or on your behalf for the purpose of assessing any aspect of your claim, and/or to provide an estimate of any aspect of your claimed damages.

**Answer:**

**Pablo Castro – Insured; Discovered & witnessed damages as a result of loss.**
**7864 Snowberry Circle**
**Orlando, Florida 32819**

**A3MS – Mitigation Company; mitigated damages as result of loss**
**13200 Emerald Coast Dr. Apt. 208**
**Orlando, Florida 32824**

**MRC – Loss Consultant; inspected & prepared estimate of damages.**
**5212 SW 151 Street**
**Miami, Florida 33815**

6.     Please state all actions taken by you at that time when you first notified Defendant, including the date of and the individual who notified the Defendant and whether you sought the advice of any other individual or professional concerning any aspect of damages claimed as a result of the subject loss.

**Answer:**

**Please refer to my response to Interrogatory No. 4.**

7.     Identify all evidence, documents, correspondence, e-mails, or notes to support your actions that you took to comply with our duties under your policy and the Defendant, in the claim presentation, and your cooperation with the Defendant, in obtaining any and all information and/or documentation to support your damages claimed as result of the subject loss.

**Answer:**

**All documents including but not limited to, MRC's damage estimate, A3MS's photographs and mitigation package, my attorney's Letter of Representation, the executed SPOL and all other correspondence have been provided in Plaintiff's Response to Defendant's First Request for Production.**

8.      List the full names, current addresses and phone numbers for any individuals or business entities that presently have, or previously had, any ownership interest in the insured property. Please include any and all information regarding Plaintiff's purchase and/or lease of the property at issue in this lawsuit, including but not limited to the name of the Seller/Lessor, the date of sale/lease, name and contact information of closing agent and company, name and contact information for any and all mortgage company(ies), the name and contact information of the property inspector and appraiser.

**Answer:**

**PNC Manufacturing Leather, Inc. is the only entity that currently has any ownership interest in the subject property. I have no knowledge as to any other entities that have previously had any ownership interest in the property. I do not recall the name or contact information of the seller or the closing agent. There is no mortgage on the subject property.**

9.      Please state the dollar amount of each element of damages claimed by you, the method used to compute each such amount, and identify any books, documents, records, invoices, and/or memoranda which evidence, in whole or in part, your claim for damages, and the name, address, and telephone number of tall individuals with knowledge of the valuation of your damages including in detail the knowledge and/or opinion they have.

**Answer:**

**I am claiming $69,488.91 in damages as per the loss consultant's estimate. I cannot attest as to the basis of how my damages were calculated as I am not an expert in calculating property damage. MRC is the loss consultant who inspected and prepared an estimate of damages sustained as a result of this loss. For a detailed description of the damages please refer to MRC's estimate provided in Plaintiff's Response to Defendant's First Request for Production. Please refer to my response to Interrogatory No. 5 for MRC's contact information.**

10.     Please identify each person with knowledge of your claim, and state his or her name, address, telephone number, and the subject matter about which he/she has knowledge. This is including, but not limited to all individuals with any knowledge of the condition of your roof before and subsequent to the loss.

**Answer:**

**Please refer to my response to Interrogatory No. 5.**

6

11.  For each statement made by any individual regarding any aspect of the breach of contract alleged in the Complaint, provide the substance of the statement, identify each document referencing each such statement, and identify the date the statement was made, the name, address, and telephone number of any person present at the time of the statement, and the name, address, and telephone number of the custodian of any document referencing each statement.

**Answer:**

**Objection, this request is vague, overbroad, not limited in time and scope and seeks information not reasonably calculated to lead to the discovery of admissible evidence. This request also seeks information that is work product material and protected by attorney/client privilege. Notwithstanding said objection and without waiving same, none.**

12.  List all communications between Plaintiff and Defendant, whether written or verbal, since the inception of the policy, and for each such occasion, state the date and time of the contact; identify the name and address of the person to whom the contact was made; and state the nature of the contact.

**Answer:**

**Please refer to my response to Interrogatory No. 7.**

7

13.    Describe in detail the history of any and all damages, repairs, renovations and improvements to the property prior and subsequent to the incident for which Plaintiff has made a claim in this lawsuit.

**Answer:**

**Please refer to my response to Interrogatory No. 3 and No. 4. In December of 2019 I hired a handyman to repaint the subject property; however, I do not recall the exact date the work was done, nor do I recall the name or contact information of the handyman. The cost was approximately $2,800.00.**

14.    Please identify all individuals who have inspected the roof of the insured property (either before or after the loss) including the name, address, telephone number, date of inspection and reason for inspection.

**Answer:**

**The Insurance Company and MRC inspected the damages of the subject property for the subject claim. Please refer to my response to Interrogatory No. 5 for MRC's contact information.**

15.    Please identify the year the insured property was constructed, the name(s), address, and telephone numbers of the individual(s) or entities that constructed the property, installed the roof, manufactured any and all components in the roofing system, replaced the roof and/or performed any repairs to the roofing system.

**Answer:**

**I have no knowledge as to the year the subject property was constructed nor the name or contact information of the individuals or entities that constructed same. To the best of my knowledge, all components of the subject property were original when I purchased it in 2013.**

16.    Please state the name of any entity which has filed a lien and/or judgment against you, stating the total amount of the lien and/or judgment, the name of the entity or organization, what the lien and/or judgment is relating to and the date of subject lien and/or judgment.

**Answer:**

**None.**

8

17.    Please advise whether any foreclosure proceedings have ever been or are currently initiated against the property at issue in this lawsuit, and if so, the current status of said foreclosure actions, including case numbers and contact information for attorneys initiating said foreclosure                    actions                    against                    you.

       **Answer:**

       **No.**

18.    Please advise if Plaintiff made any repairs to the subject roof and/or any where else at the property relating to damages associated with a date of loss of September 9, 2018 after reporting the initial loss and subject claim to Defendant and provide information relating to the individual making the repairs, what repairs were made, and the cost.

       **Answer:**

       **Please refer to my response to Interrogatory No. 13.**

19.    What Please explain all payments received by Plaintiff from Defendant in relation to the subject claim.

       **Answer:**

       **I believe the Insurance Company issued a payment in relation to the subject claim; however, I do not recall the exact date the payment was issued, nor do I recall how much the payment was for.**

9

20.    If Plaintiff is seeking damages for loss of income in the subject lawsuit, please explain the method in which these damages were calculated and the total amount Plaintiff is seeking.

**Answer:**

**For a detailed description of the loss of income sheet please refer to to same provided in Plaintiff's Response to Defendant's First Request for Production.**